UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD COURTEMANCHE,

    Plaintiff,                                     Hon. Janet T. Neff

v.                                               Case No. 1:12-CV-841

RICHARD CZOP, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for a Preliminary Injunction. (Dkt. #12). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**.

## BACKGROUND

Plaintiff initiated this action on August 14, 2012, against the Michigan Department of Corrections, Prison Health Services, Inc., Corizon, Inc., and two doctors alleging deprivation of appropriate medical care in violation of his Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff now asserts that he was recently informed that his security level was going to be reduced to Level I which apparently will necessitate Plaintiff's transfer to another facility. Plaintiff now moves the Court for an Order that he not be transferred to another facility on the ground that a transfer would possibly "hinder" his ability to prosecute this action.

Injunctive relief is "an extraordinary remedy which should be granted only if. . .the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001) (citations omitted). If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000).

Rather than prerequisites which must each be satisfied, the relevant factors, none of which are dispositive, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997); *Michigan Bell Telephone Co. v. MFS Intelenet of Michigan, Inc.*, 16 F.Supp.2d 828, 831 (W.D.Mich. 1998). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118 (the "most significant single component" in the decision whether to grant injunctive relief "is the court's discretion") (citations omitted).

Plaintiff has failed to establish that he is likely to prevail in this matter or that he is likely to experience any irreparable harm in the absence of relief. Furthermore, the Court concludes that the public interest would not be served by judicial interference in the day-to-day operations of a correctional facility in the absence of any evidence supporting such. Plaintiff has presented no evidence that his ability to prosecute his claims will be significantly impaired or prejudiced should he be transferred to another facility. While the Court does not dispute that a transfer may inconvenience Plaintiff to some

degree, such is not a proper basis for granting the relief sought. Plaintiff may simply keep the Clerk's Office informed of his new location if and when the anticipated transfer occurs. Accordingly, the undersigned recommends that Plaintiff's motion for injunctive relief be **denied**.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for a Preliminary Injunction, (dkt. #12), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: January 18, 2013 /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge