UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD COURTEMANCHE,

     Plaintiff,                              Case No. 1:12-cv-841

v                                            HON. JANET T. NEFF

RICHARD CZOP, et al.,

     Defendants.
_____/

## OPINION AND ORDER

Plaintiff filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Czop, Pandya, and Corizon, Inc. (Corizon), claiming violations of his Eighth Amendment rights. Defendants Czop and Corizon filed a Motion for Summary Judgment (Dkt 57). Defendant Pandya filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Dkt 60). Plaintiff also filed a Motion for Summary Judgment (Dkt 67). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R, Dkt 81), recommending that this Court grant Defendants' motions and deny Plaintiff's motion. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (Objs., Dkt 82). Defendants Czop and Corizon filed a response to Plaintiff's objections (Resp., Dkt 85). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

Plaintiff presents three objections to the Report and Recommendation. Plaintiff first argues that the "Magistrate improperly extended inferences of fact and credibility in favor of the

Defendants and failed to consider the arguments, facts, affidavits, and verifiable evidence that was presented by the Plaintiff to establish otherwise" (Objs., Dkt 83 at 3). Specifically, Plaintiff contends that the Report and Recommendation made no reference to Plaintiff's exhibits in the "200," "300," "400" or "500" series (*id.* at 4).

Plaintiff's argument is without merit. Plaintiff attached five series of exhibits to the brief in support of his Motion for Summary Judgment: the "100 series," which he identifies as his health care records; the "200 series," which he identifies as "kites/responses;" the "300 series," which he identifies as "miscellaneous exhibits;" the "400 series," which he identifies as Corizon's contract with the Michigan Department of Corrections; and the "500 series," which is a collection of Appeal Standard Operating Procedures, Michigan Department of Corrections (MDOC) Policy Directives, and excerpts about epilepsy and prescription drugs, which Plaintiff collectively identifies as "Authoritative Support" (Dkt 68-1 at 1).

In the "Medical Evidence" section of the Report and Recommendation, the Magistrate Judge expressly referenced Plaintiff's exhibits 1 and 2, which contain his exhibit series 100 through 400, and thoroughly summarized Plaintiff's conditions and the medical treatment he received (R&R, Dkt 81 at 7-13). The fact that the Magistrate Judge did not expressly reference Plaintiff's Authoritative Support documents does not demonstrate that the Magistrate Judge "ignored" or improperly weighed the evidence in this case. A magistrate judge need not delineate each item of evidence in a report and recommendation in order to make a proper assessment of that evidence, and Plaintiff's argument reveals no factual or legal error by the Magistrate Judge. Accordingly, Plaintiff's first objection is denied.

Second, Plaintiff argues that the Magistrate Judge erred in rejecting his argument that Defendants Czop and Pandya's misconduct rose beyond malpractice, to a level of "obduracy and

wantonness" and "deliberate indifference" (Objs., Dkt 83 at 13). Specifically, Plaintiff argues that the Magistrate Judge failed to assign proper weight to Defendant Czop's wrongful cancellation of his medication, knowing refusal to correct the error, and attempts to justify and cover up the misconduct (*id*. at 15). However, Plaintiff again demonstrates no factual or legal error in the Magistrate Judge's analysis, only his disagreement with the physician's decisions and the Magistrate Judge's assessment of the record. For this reason, and for the reasons more fully stated in Defendant Corizon and Czop's response to Plaintiff's objections, Plaintiff's second objection is also denied.

Last, Plaintiff argues that "[t]he Magistrate's claim that Defendant 'Corizon is not vicariously liable' in this matter improperly bolsters the 'credibility' of Corizon's 'assertion' that they are 'not responsible' and the Defendants' arguments without the required consideration of the reasonable evidence presented by the Plaintiff" (Objs., Dkt 83 at 17-18). Plaintiff also argues that Defendant Corizon's efforts to save costs, e.g., by denying requests for Plaintiff to see a specialist, constitute a policy, practice, or custom in violation of his Eighth Amendment rights (*id*. at 18). Plaintiff relies on Defendant Corizon's contract with Michigan, which he opines is "rife with statements that [Corizon's] responsibility [is] to limit medical care for the purpose of saving cost to the State" (*id*. at 16).

The Magistrate Judge applied the proper legal standard in analyzing liability against Defendant Corizon and correctly analyzed the evidence in determining that the physicians' treatment decisions were made "in the exercise of their professional judgement" (R&R, Dkt 81 at 14-15). Additionally, Plaintiff's reference to Corizon's contract demonstrates no error in the Magistrate Judge's analysis. As Defendants Corizon and Czop point out in their response to Plaintiff's objections, "prisoners do not have the right to limitless health care, free of the cost constraints under

which law abiding citizens receive treatment" (Resp., Dkt 85 at 6, quoting *Winslow v. Prison Health Servs., Inc.*, 406 F. App'x 671, 673 (3d Cir. 2011)).

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007). Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 82) are DENIED and the Report and Recommendation (Dkt 81) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants Corizon and Czop's Motion for Summary Judgment (Dkt 57) is GRANTED.

**IT IS FURTHER ORDERED** that Defendant Pandya's Motion to Dismiss Or, in the Alternative, Motion for Summary Judgment (Dkt 60) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Dkt 67) is DENIED.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the Judgment would not be taken in good faith.


Dated: March 24, 2014                    /s/ Janet T. Neff_____
                                         JANET T. NEFF
                                         United States District Judge

4